<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————
                                                    :
**NEIDA RAMIREZ RAMOS,**                            :
                                                    :
            **Plaintiff,**                          :
                                                    :          **Civil Action No. 12-6134 (ES)**
            **v.**                                  :
                                                    :                    **OPINION**
**CAROLYN W. COLVIN,**                              :
**Acting Commissioner of Social Security,**         :
                                                    :
            **Defendant.**                          :
—————————————————————:


<u>SALAS, District Judge</u>

Before the Court is an appeal filed by Neida Ramirez Ramos[1] ("Claimant" or "Ms. Ramirez") seeking review of an Administrative Law Judge's decision denying her application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively. (D.E. No. 15, Br. in Supp. of Pl. Neida Ramirez Ramos ("Pl. Br."). The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons set forth below, the Court VACATES the Commissioner's decision and REMANDS for further administrative proceedings consistent with this Opinion.

---

[1] The Court notes that Plaintiff's name is presented differently in different submissions to the Court. (*Compare* Pl. Br. *with* Def. Br.).

## I.      Background

Ms. Ramirez is a 62-year-old woman who suffers from diabetes, asthma, cardiac dysrhythmia, high cholesterol, high blood pressure, hyperlipidemia, osteoporosis, migraines, anxiety, and depression.  (R. at 313, 368, 477).[2]  Ms. Ramirez applied for Disability Insurance Benefits and Supplemental Security Income on August 8, 2007, alleging disability since June 20, 1995.    (R. at 41-43).    The Commissioner of Social Security ("Defendant" or "the Commissioner") denied these claims initially on June 17, 2008, and upon reconsideration on January 5, 2009.  (R. at 76, 82, 89).  Shortly thereafter, Ms. Ramirez requested a hearing before an Administrative Law Judge ("ALJ"), (R. at 94-95), which was held on May 4, 2010 before ALJ James Andres ("ALJ Andres" or "the ALJ"), (R. at 41).

On October 4, 2010, the ALJ issued a decision, finding that Ms. Ramirez is not disabled, as defined by sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act, because despite the severe impairments of anxiety and depression, Ms. Ramirez retained the residual functioning capacity ("RFC") to perform a full range of work at all exertional levels with the exception that she is "limited to work requiring understanding instructions and sustaining pace and persistence in simple and routine tasks."  (R. at 44).  While the ALJ found that Ms. Ramirez was unable to resume her past profession as a receptionist, the ALJ nonetheless found, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. at 46).  Though Ms. Ramirez requested review of the decision, (R. at 33), the Appeals Council "found no reason under [its] rules" to do so and denied her request for review on July 26, 2012, rendering ALJ Andres's decision "the final decision of the Commissioner of Social Security in [her] case."  (R. at 1).

---

[2] The Court uses the initial "R." to refer to the administrative record, which, though divided into eleven attachments due to its volume, is continuously paginated.  (D.E. No. 13).  A complete index of the documents included may be found at (D.E. No. 13-1).

On September 28, 2012, Ms. Ramirez filed a complaint with this Court, appealing the final decision of the Commissioner. (D.E. No. 1, Compl.).   This Court received the administrative record on May 22, 2013, (D.E. No. 13-1), and the parties have briefed the issues raised by Ms. Ramirez's appeal, which are discussed in full below.  (Pl. Br.; D.E. No. 22, Def.'s Br. Pursuant to Local Civil Rule 9.1 ("Def. Br.")).

## II.     Legal Standards

### A.       Standard for Awarding Benefits

In order to be eligible for Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), respectively, a claimant must establish that he or she is disabled as defined by the Act.  *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI).   Claimants seeking DIB must also satisfy the insured status requirements set forth in § 423(c), while those seeking SSI must fall within the income and resource limits set forth in §§ 1382a and 1382b.

An individual is deemed disabled under both titles if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(a) (regarding DIB); § 1382c(a)(3)(A) (regarding SSI).   Furthermore, the individual's physical or mental impairment(s) must be "of such severity that [s]he is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2)(a); § 1382c(a)(3)(B).

The Social Security Administration has established the following five-step, sequential evaluation process to determine whether an individual is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of [20 C.F.R. Part 404, Subpart P] and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. §§ 404.1520(a)(4) (DIB), 416.920(a)(4) (SSI). If at any point in this sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the evaluation stops. *Id.*

When evaluating medical evidence, an ALJ must give controlling weight to and adopt the medical opinion of a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Not inconsistent does not mean that the opinion must "be supported directly by all of the other evidence (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion."

*Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006). Even where the treating physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be entitled to deference "depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). If the medical evidence of different physicians conflicts, "'the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer,* 186 F.3d at 429.). "In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion." *Id.* (quoting *Plummer*, 186 F.3d at 429.).

Once the ALJ has found a "medically determinable impairment(s)," he or she evaluates the "intensity, persistence, and functionally limiting effects of [the] symptoms" to determine their effect on the individual's capacity to do "basic work activities." 20 C.F.R. §§ 404.1529(c), 416.929(c). It is at this point in the disability determination that the ALJ considers the statements made by the claimant and must make a specific finding as to the individual's credibility. *See Barnhart*, 211 F. App'x at 104-05; *see also* SSR 96-7p ("clarify[ing] *when* the evaluation of symptoms . . . requires a finding about the credibility of an individual's statements") (emphasis added). In determining such credibility, the ALJ must consider the entire record, including medical evidence, statements made by the claimant and third parties regarding the claimant's impairment and its functional effects, and all other relevant evidence. *Barnhart,* 211 F. App'x at 104. Finally, although an ALJ's credibility determination is entitled to deference, the ALJ must provide "specific reasons for the finding on credibility, supported by the

evidence in the case record." *Id*.; *see also Reefer v. Barnhart,* 326 F.3d 376, 380 (3d Cir. 2003) (courts "ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor").

"The claimant bears the ultimate burden of establishing steps one through four." *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007). "At step five, the burden of proof shifts to the Social Security Administration." *Id.*

### B. Standard of Review

Upon review, the Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

In reviewing an ALJ's decision, the Court must look to the ALJ's "expression of the evidence s/he considered which supports the result," as well as the reasoning behind the rejection of certain evidence to determine if substantial evidence supports the findings. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). An ALJ's reasoning for weighing or rejecting evidence is particularly important when there is "conflicting probative evidence in the record." *Id.* at 706. The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d

358, 360 (3d Cir. 1999). Thus, this Court is limited in its review in that it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

### III.   ALJ Andres's Decision

At step one, ALJ Andres determined that Ms. Ramirez "has not engaged in substantial gainful activity since June 20, 1995, the alleged onset date." (R. at 43).

At step two, the ALJ determined that Ms. Ramirez "has the following severe impairments: anxiety and depression . . . [and] non-severe physical impairments." (R. at 43).

At step three, ALJ Andres determined that Ms. Ramirez "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" in the Appendix 1 Listings. (R. at 44). The ALJ noted that Ms. Ramirez's impairments neither meet nor are equivalent to the criteria set forth in Listings 12.04 (Affective Disorders) and 12.06 (Anxiety-Related Disorders). (R. at 44). In support of his determination, the ALJ found that "[t]he claimant has the following degree of limitation in the broad areas of functioning set out in the Mental Disorders Listing Sections in [Appendix 1]: mild restriction in activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence or pace, and no episodes of decompensation, each of extended duration." (R. at 44).

Before proceeding to step four, ALJ Andres found that Ms. Ramirez "has the residual functioning capacity to perform the full range of work at all exertional levels but with the following non-exertional limitations: limited to work requiring understanding instructions and sustaining pace and persistence in simple and routine tasks." (R. at 44). At step four, the ALJ found that Ms. Ramirez's mental impairments rendered her "not disabled as alleged." (R. at 45).

ALJ Andres considered the assessment of Dr. Solomon Miskin, who diagnosed Ms. Ramirez "with a mild to moderately severe major depressive disorder without psychotic features, not otherwise specified; and a generalized anxiety disorder, not otherwise specified." (R. at 45). The ALJ noted that Dr. Miskin's findings were "the only examination in the record supporting any kind of impairment-related functional limitations," (R. at 45), and thus accorded these findings "controlling weight." (R. at 45). However, ALJ Andres determined that Ms. Ramirez "is unable to perform any past relevant work" as a receptionist, as this work "exceeds the residual functioning capacity mentioned above." (R. at 46).

At step five, ALJ Andres determined that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. at 46). The ALJ noted that "[t]he claimant's ability to perform work at all exertional levels has been compromised by non-exertional limitations. However, these limitations have little or no effect on the occupational base of unskilled work at all exertional levels." (R. at 46).

Accordingly, the ALJ relied on SSR 96-9(p) in finding that Ms. Ramirez is not disabled under section 204.00 in the Medical-Vocational Guidelines.

## IV.    Arguments on Appeal

On appeal, Ms. Ramirez asserts that the "ALJ should have found that [she] had a combination of severe physical impairments." (Pl. Br. at 12). Specifically, Ms. Ramirez claims that the ALJ evaluated only Ms. Ramirez's mental impairments in determining whether she possessed one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.* at 10). Ms. Ramirez directs the Court's attention to Dr. De la Cruz's opinion that she had right ankle edema in December 2008, and that an x-ray of her foot indicated mild to moderate degenerative osteoarthritis and a small anterior heel spur. (*Id.* at 13). Further, Dr. De la Cruz opined that Ms.

Ramirez had limitations climbing, bending, and lifting.  (*Id.*).  Therefore, Ms. Ramirez claims that the totality of these impairments significantly limits her ability to perform basic work activities, such as standing and lifting.  (*Id.* at 14).

Ms. Ramirez next contends that the "ALJ's residual functional capacity assessment failed to account for certain physical limitations that were credibly established by the record."  (*Id.*) While she acknowledges that "the ALJ may weigh the credibility of the evidence," she criticizes the ALJ's failure to abide by his responsibility to "give some indication of the evidence which he rejects and his reason(s) for discounting such evidence."  *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000); (Pl. Br. at 14).  Ms. Ramirez notes that the ALJ did not analyze "any of the evidence regarding her physical limitations in his residual functional capacity assessment."  (Pl. Br. at 15).  She guides this Court's attention to the assessments of Dr. Del Pilar Marti, which indicated that Ms. Ramirez has suffered from chronic neck and back pain, right arm paresthesia, arthritis, and chronic and severe leg pain with intermittent claudication. (*Id.* at 15; R. at 234).

Lastly, Ms. Ramirez argues that the "ALJ should have fully developed the record with regard to [her] ability to adjust to other work."  (Pl. Br. at 15).  Ms. Ramirez contends that the ALJ should have called a vocational expert, or in the alternative, provided notice to Ms. Ramirez so that she could call her own.  (*Id.* at 16).  She further maintains that, if an ALJ is going to rely on an SSR instead of calling a vocational expert, the ALJ must "explain[] how [p]laintiff's specific limitations related to the SSRs relied upon."  *Fisher v. Astrue*, No. 11-1634, 2012 WL 983691, at *7 (D.N.J. 2012); (Pl. Br. at 16).

Based on these alleged errors, Ms. Ramirez asks this Court to reverse and remand for an award of benefits, or, in the alternative, to remand for a new hearing.  (*Id.* at 16-17).

In response to Ms. Ramirez's allegations of error, the Commissioner argues that ALJ Andres's decision is supported by substantial evidence and should be affirmed. (Def. Br. at 5). The Commissioner contends that the ALJ properly considered the medical evidence regarding Ms. Ramirez's alleged physical impairments based on the findings of Drs. John Augustin and Nancy Simpkins, and concluded that they were not severe. (*Id.* at 9-10). Regarding the ALJ's assessment of the claimant's severe mental impairments, the Commissioner maintains that the ALJ's finding that they did not match or equal any of the Listing of Impairments in §§ 12.04B and 12.06B was substantially supported by medical evidence. 20 C.F.R. Part 404, Subpart P, Appendix 1. The Commissioner notes that this conclusion is based on the assessment of Dr. Williams, the state agency psychological consultant. (Def. Br. at 11).

Further, the Commissioner argues that the claimant bears the "burden of showing that her conditions met or equaled any section of the Listing of Impairments." (*Id.* at 12). The Commissioner notes that Ms. Ramirez "has not even alleged that any specific section of the Listing of Impairments was met or equaled." (*Id.*).

Next, the Commissioner contends that "[t]he ALJ properly evaluated plaintiff's residual functional capacity." (*Id.*). With respect to Ms. Ramirez's physical abilities, the Commissioner points to the ALJ's reliance on Dr. Augustin's opinion that Ms. Ramirez "was ambulatory at a normal pace without a cane." (*Id.*). In response to the claimant's allegation that the ALJ did not adequately address her physical limitations, the Commissioner maintains "the ALJ fully assessed the credibility of plaintiff's allegations of pain, functional limitations, and other symptoms, but found that her allegations were not credible." (*Id.* at 14). With regard to claimant's mental abilities, the Commissioner directs this Court's attention to the ALJ's reliance on medical evidence from Dr. Williams, the state agency psychological consultant, "who opined . . . that

plaintiff was capable of understanding instructions and sustaining pace and persistence in simple routine work."  (*Id.* at 12; R. at 334).  The Commissioner cites ALJ Andres's reliance on Dr. Miskin's finding that Ms. Ramirez had a "normal mental status."  (Id. at 13; R. at 312).

Lastly, the Commissioner maintains that "[t]he ALJ's finding that plaintiff could perform work that exists in significant numbers in the economy is supported by substantial evidence." (Def. Br. at 17).  In response to the claimant's contention that the ALJ did not adequately develop the record in regard to her ability to perform a significant number of jobs in the national economy, the Commissioner argues "that the ALJ adequately developed the record and explained his findings."  (*Id.*).  In support of this contention, the Commissioner cites the ALJ's finding that the claimant possesses only non-exertional mental limitations to performing simple and routine tasks.  (*Id.* at 18).  Therefore, pursuant to SSR 96-9p, the Commissioner maintains that the ALJ correctly decided that the claimant is able to perform simple, routine work.  (*Id.*). SSR 96-9 dictates that  "[u]nskilled sedentary work also involves other activities, classified as 'nonexertional,' such as capacities for seeing, manipulation, and understanding, remembering, and carrying out simple instructions."

Therefore, the Commissioner asserts that an award of benefits is unwarranted.  (*Id.* at 19).

## V.    Analysis

At step two, the ALJ must assess whether a claimant has severe physical or mental impairments.  20 C.F.R. §§ 404.1520(c), 416.920(c).  To make this assessment, the ALJ must review all of the pertinent medical evidence and "explain[] his conciliations and rejections." *Burnett*, 220 F.3d at 119 (citation omitted).  The Court notes that "[t]he burden placed on an applicant at step two is not an exacting one."  *McCrea v. Comm'r of Social Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).  Further, "[i]f the evidence presented by the claimant presents more than a

'slight abnormality,' the step two requirement of 'severe' is met, and the sequential evaluation process should continue."  *Newell v. Comm'r of Social Sec.*, 347 F.3d 541, 546 (3d Cir. 2003) (internal citations omitted).  "Any doubt as to whether this showing has been made is resolved in favor of the applicant."  *McCrea*, 370 F.3d at 360.  For the reasons set forth below, the Court finds errors in ALJ Andres's step two analysis that mandate remand.[3]  Because the analyses at steps three through five depend upon the findings and analysis at step two, the Court does not address the parties' arguments regarding the remaining steps.[4]

### A.  Physicians' Opinions

ALJ Andres's determination that the claimant's physical impairments are "non-severe" is unsupported by analysis of all relevant evidence. With regard to the severity of Ms. Ramirez's physical impairments, the ALJ addressed only Dr. Augustin's opinion, which was "that the claimant had a normal physical examination with no abnormalities and her complete blood count test was also entirely normal."  (R. at 43).  The ALJ then went on to conclude: "Since the evidence fails to establish that the claimant's alleged physical impairments have had greater than a slight or minimal effect on her ability to perform basic work activities, these are non-severe impairments."  (*Id.*).

ALJ Andres is required to address every medical opinion in the record to conclude that the claimant's physical impairments are non-severe.  *See* 20 C.F.R. §§ 404.1527(c), 404.927(b). The ALJ failed to do this by ignoring medical opinions in the record.  (*See, e.g.*, Dr. Del Pilar Marti's Report, R. at 234; Dr. Ocasio's Report, R. at 363; Dr. De la Cruz's Report, R. at 477, 502).  The ALJ did not mention these medical opinions at step two, so the Court cannot

---

[3] *See* McCrea  v. Comm'r of Social Sec., 370 F.3d 357, 360 (3d Cir. 2004) ("[T]he Commissioner's determination to deny an applicant's request for benefits at step two should be reviewed with close scrutiny.").

[4] *See* Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996) (finding reversible error at step three of the sequential analysis, and thus finding it unnecessary to analyze the ALJ's findings in the remaining steps).

determine whether the ALJ evaluated them.  Furthermore, the Third Circuit makes clear that after reviewing all of the pertinent medical evidence, the ALJ must "explain[] his conciliations and rejections."  *Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 122 (3d Cir. 2000).

Here, the ALJ's failure to mention the other medical opinions regarding Ms. Ramirez's physical abilities renders this Court incapable of properly reviewing his decision that the claimant's physical impairments are non-severe.  *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 433 (3d Cir. 1999) ("[T]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."); *Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir. 1988) (stating that "the medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence").  "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Burnett*, 220 F.3d at 119.  (citation omitted).

While it is acceptable to give one medical opinion controlling weight over another, the ALJ must perform a specific analysis to determine how much weight to afford the opinion.  *See* 20 C.F.R. §§ 404.1527(c), 404.927(b).   The Commissioner requires ALJs to consider the treatment relationship, the length of the treatment relationship, the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion offered by the medical evidence, consistency of the opinion with the record as a whole, and the specialization of the treating physician.  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

In failing to address the entire record containing multiple physicians' opinions concerning Ms. Ramirez's physical condition, this Court is unable to identify why the ALJ decided to give Dr. John Augustin's opinion controlling weight in his determination that the

claimant's physical impairments were non-severe. Accordingly, a remand is necessary for a proper evaluation of all of the physicians' opinions.[5]

## VI. Conclusion

For the foregoing reasons, ALJ Andres's decision is hereby vacated and this case is remanded for further proceedings consistent with this Opinion.  An appropriate order shall accompany this Opinion.

<u>s/ *Esther Salas*</u>
**Esther Salas, U.S.D.J.**

---

[5] Since the ALJ's step two analysis is improper, the Court need not consider the analysis at the remaining steps.  *See Clifton*, 79 F.3d at 1007.